CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 05, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER GALANTI, ) | |
|     Plaintiff, ) | Civil Action Nos. 7:23-cv-00515 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| SWVRJA-DUFFIELD FACILITY, *et al.*, ) |     Chief United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Christopher Galanti, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs. All nine defendants have moved to dismiss. (Dkt. Nos. 16, 25, 28.) The court issued *Roseboro* notices for all three motions (Dkt. Nos. 18, 27, 30), and plaintiff did not respond to any of the motions, all of which will be granted.

I. BACKGROUND

Galanti was being housed at the Southwest Virginia Regional Jail Authority's Duffield Facility (SWVRJA-Duffield). The allegations in his complaint are sparse; generally, he alleges that he was denied psych meds by "nurses/facility." (Compl. 3, Dkt. No. 1.) He also alleges being told by Nurse R. Carter, who is not one of the defendants, that he signed a refusal for Vistaryl, but he claims that he did not sign such a refusal. (*Id.*) "If there is a refusal for my meds, NOT SIGNED BY ME." (*Id.*) Galanti requests an illegible amount of money for "pain and suffering, aggravation, mental anguish, physical anguish." (*Id.* at 4.)

The first motion to dismiss was filed by SWVRJA-Duffield. (Dkt. Nos. 16, 17.) The second motion to dismiss was filed by the "Wexford Defendants": Wexford Health Sources, Inc., Amit Shah, MD, Grace Cook, LPN, Rebecca Maggard, RN, Raquel Thomas, RN, Alexa Grizzle,

RN, and Carolyn Skidmore, RN.  (Dkt. Nos. 25, 26.)  The third motion to dismiss was filed by Maranda Hale (Nurse Hale).  (Dkt. Nos. 28, 29.)

## II.  ANALYSIS

### A.  Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to

"conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B.  SWVRJA-Duffield Facility**

Under 42 U.S.C. § 1983, a plaintiff may file suit against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  A jail is not a "person" amenable to suit under § 1983.  *See Preval v. Reno*, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (Unpublished Disposition) (finding that "the Piedmont Regional Jail is not a 'person' and therefore not amenable to suit under § 1983); *McArthur v. S.W.V.R.J.A. Duffield Jail*, Case No. 7:22CV00636, 2023 WL 3316988 (W.D. Va. May 9, 2023) ("A local jail facility itself cannot qualify as a person subject to being sued under § 1983.").

To the extent Galanti is suing the jail authority as a defendant, his § 1983 claims fail on the facts he has alleged.  Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted by the body's officers."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  The entity's official policy or custom must have played a part in the alleged violation of federal law.  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).  Plaintiff has not stated facts showing that jail authority policies caused the alleged deprivation is psychiatric medication.

Finally, Galanit has failed to state a claim of supervisory liability against the SWVRJA, which is premised upon "a recognition that supervisory indifference or tacit authorization of

subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984). Plaintiff must allege facts establishing, if proven, (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has not plausibly alleged any of these elements. For example, plaintiff does not identify any SWVRJA official who was aware, or should have been aware, that plaintiff was not receiving mental health medication.

For these reasons, the court will grant this motion to dismiss.

## C. Wexford Defendants

To establish a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must put forth facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022). A deliberate indifference claim has both an objective and subjective component. *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). "That is, the plaintiff must demonstrate that the defendant prison official acted with 'deliberate indifference' (the subjective component) to the plaintiff's 'serious medical needs' (the objective component)." *Id.*

Galanti's allegations are not sufficient to satisfy the objective seriousness component, in that he has not plausibly alleged that his medical condition has "been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention." *Id.* (citing *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)).  Even though plaintiff alleges the denial of a specific type of medication, he does not allege that he had a prescription or a specific medical need for the medication.

Also, a plaintiff attempting to establish liability under § 1983 must "affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights" to establish personal liability.  *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018).  Section 1983 liability "is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  As the court has noted, the only person named in Galanti's allegations is a nurse who was not named as a defendant in this matter.  Galanti does not include any specific allegations about what any of the Wexford Defendants did to harm him.  Thus, plaintiff has not plausibly alleged the personal involvement of the Wexford Defendants in any alleged violation of his rights.

Accordingly, the court will grant defendants' motion to dismiss the claims against them.

**D.  Maranda Hale**

Just like with the Wexford Defendants, Galanti has failed to plausibly allege an Eighth Amendment deliberate indifference claim against Nurse Hale.  He has also failed to plausibly allege Nurse Hale's personal involvement in any alleged violation of his rights; plaintiff does not allege that Nurse Hale harmed him in any way.  Because of these obvious and glaring pleading deficiencies, it is not necessary to address Nurse Hale's alternative arguments based on qualified immunity, exhaustion of administrative remedies, or that she cannot be considered a state actor.

This motion to dismiss will also be granted.

### III.  CONCLUSION

Because Galanti's complaint does not state a plausible claim for relief, the court will grant defendants' motions to dismiss.

Entered: September 5, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge